00-242

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 61

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOSEPH B. FRESHMENT,

Defendant and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary E. Wilcox, Billings, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Stephen C. Bullock, Assistant          Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone County          Attorney, Beverly Tronrud, Deputy Yellowstone County Attorney, Billings,          Montana

Submitted on Briefs: December 13, 2001

Decided:  March 28, 2002
Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Joseph Freshment (Freshment) was convicted by a jury of two counts of sexual intercourse without consent, §§ 45-5-503(1) and -503(3)(a), MCA, in the Thirteenth Judicial District Court, Yellowstone County.  Prior to trial, Freshment moved to sever the two counts into separate trials, because the counts involved separate victims on separate occasions.  The District Court denied this motion.  During jury voir dire, Freshment made motions to dismiss two of the jurors for cause which were denied by the District Court.  Freshment appeals these denials and also argues he was given ineffective assistance of counsel in that his attorney failed to object to a third juror for cause.  Because we reverse on the failure to dismiss the two jurors for cause, we do not address the ineffective assistance of counsel argument.  We affirm on the issue of severance.  Therefore, this case is remanded to the District Court for retrial.

¶2    We address the following issues on appeal:

¶3    1. Did the District Court abuse its discretion when it denied Freshment's motions to dismiss two jurors for cause?

¶4    2. Did the District Court abuse its discretion by denying Freshment's motion to sever the charges and hold separate trials?

¶5    We decline to address a third issue raised by Freshment, ineffective assistance of counsel for failure to assert a third juror should be dismissed for cause, because of our conclusion on the first issue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶6    Because our holding in this case requires remand to the District Court for retrial, we discuss the facts of the charges only to the extent necessary to dispose of the issues on appeal.

¶7    On December 28, 1998, Freshment was charged with two counts of sexual intercourse without consent.  Prior to trial, Freshment moved to sever the two counts into separate trials because each involved separate victims on separate occasions.  The District Court denied this motion concluding Freshment did not demonstrate sufficient prejudice to overcome the proper joinder of the charges in the information under § 46-11-404(1), MCA.  Further details will be discussed under this issue below.

¶8    During voir dire, Freshment moved to dismiss two jurors for cause because of the opinions they

expressed regarding his asserted defense to one of the charges. For one of the counts of sexual intercourse without consent, Freshment asserted the defense of consent by the alleged victim. Because this victim was under 16 years of age, Freshment's defense of consent is only valid if he had a reasonable belief that the victim was old enough to give a valid consent, i.e. 16-years-of-age or older. See § 45-5-511, MCA. Freshment's counsel Kevin Peterson (Peterson) brought up the example of the famous country singer LeAnn Rimes[1] and asked the following question of the prospective jurors:

[1]LeAnn Rimes recorded her first album when she was eleven. Soon after, her second release called "Blue" reached wide popular acclaim. Presumably the defense council was trying to use her as an example of someone who other people might reasonably believe was older than her actual age.

PETERSON: Is there anybody here who even though there's a reasonable belief in their mind that Mr. Freshment could have believed that one of the, or both of the, of the 15-year-olds was in fact 16 at the time of the act that would not be able to acquit him?

. . .

JUROR PAULA K. PORTER (PORTER): In that instance, I mean, isn't that why the statutory rape was made, the law was made? I mean, a lot of girls can lie, you know, and be younger than they look. He's the adult, would you really take the chance if it was just a matter of a year or two. No, I'm -- He's the adult.

PETERSON: Under no circumstance then are you telling me that could you [sic] acquit?

PORTER: No, I really couldn't.

PETERSON: Okay. Even if the law were given to you that 16 is the age of consent?

PORTER: Even then I couldn't do it.

PETERSON: And you would not follow the law even if that turned out to be the facts of the case?

PORTER: Well, I might be forced to follow the law, but I wouldn't agree with it. That's not the way I'd probably vote.

PETERSON: You would lean towards not following the law; is that fair?

PORTER: Yeah.

After challenging Porter for cause, the District Court allowed the State's attorney, Beverly Tronrud (Tronrud), to question her. Their exchange proceeded as follows:

TRONRUD: Ms. Porter, the Judge is going to give you a set of instructions, if you're chosen as a juror, that lists out all the law that you have to follow. I think one of the instructions that you'll be given is it says that anyone under 16 cannot consent. But if the defendant can show that he thought she was 16 or older, that's a defense. If the Judge instructs you as to what the law is, you can follow the law, can't you?

PORTER: Yes. But this comes down to a matter of judgment, and if the girl's foolish, I mean, every man knows, or a woman, if the situation was reversed, that a matter of months in a birthday, if there's a chance, you don't take a chance.

TRONRUD: Something you said in that it's all a matter of a judgment and your

judgment of the witnesses as well, and if the defendant chooses to testify, you will have a judgment of him, in light of the other witnesses, too --

PORTER: Right.

TRONRUD: -- is that fair to say?

PORTER: Yeah.

TRONRUD: So you're just judging everything together and you're going to apply the law to that, would that be fair?

PORTER: Yeah.

TRONRUD: Would you be able to do that?

PORTER: Yeah.

TRONRUD: Okay. Thank you.

The State objects [to dismissal for cause], Your Honor.

Following this exchange, the District Court stated: "That objection is sustained. I think the juror has stated that she will at least follow that law."

¶9    In response to the same question regarding the defense of consent in the context of a belief the victim was old enough to consent, Juror James L. Hansen (Hansen) stated:

HANSEN: Well, I would certainly consider that the girl lied as a defense, but I think a defendant in this case should, oh, probably be perceptive enough to realize that teenagers lie about their ages, and I think he should be cautious enough to be aware of that.

PETERSON: If you were faced with a decision of acquitting based on a reasonable belief that the girl or the young woman we're talking about here represented herself as older than 15, and you could see that it was reasonable to, for a defendant to maybe rely on that, could you acquit him?

HANSEN: I'm not sure.

PETERSON: What would give you pause?

HANSEN: Well, I guess just the fact that teenagers do sometimes lie about their age, and I would consider that that may have been the information the defendant was given, it would still be difficult for me to do.  I just think that an adult should be cautious enough to avoid situations like that.

PETERSON: Would you follow the law given you at the end of the case and apply the facts to the law?

HANSEN: Yes.

PETERSON: And if 16 is the age of consent, and it was your opinion that he had a reasonable belief, would you acquit him?

HANSEN: I could consider that anyway, I could consider it.

PETERSON: Would you acquit him?

HANSEN: I don't know.

PETERSON: You don't know if you'd be able to apply the law given to you to the facts?

HANSEN: (No oral response.)

PETERSON: Is that what you're saying, even though you understand what you're being told by the Judge?

HANSEN: Okay. I could apply the law, yes.

Further, at the end of voir dire Peterson asked:

PETERSON: Is there anybody who does not feel they can be fair and impartial?

HANSEN: (Raises hand.)

PETERSON: Yes, sir.

HANSEN: Well, I think just my relationship with my daughter and her current job, I think I probably have some sympathies toward the victims just from what our daughter goes through dealing with those victims.

Hansen explained earlier during voir dire that his daughter had worked as a sexual assault coordinator for the YWCA for the past few months, that she previously worked with the same group on domestic abuse, that she did an internship at the Billings Police Department in college, and that she lived at home. Hansen also stated that while he did not know the specific identities of victims his daughter worked with, he was aware of the stresses of her job and how people's lives were affected by such situations, and that he would find it difficult to be impartial given his understanding of her experience. After brief questioning by the State which confirmed that Hansen was not familiar with the specific alleged victims in this case and that he would follow the law, the District Court denied Freshment's challenge for cause to dismiss Hansen. Freshment now appeals the denials of his challenges to Jurors Porter and Hansen and also appeals the denial of his motion to sever.

## II. ISSUE ONE

¶10    **Did the District Court abuse its discretion when it denied Freshment's motions to dismiss two jurors for cause?**

### A. Standard of Review

¶11    We review denial of a challenge to dismiss a juror for cause for abuse of discretion. State v. Good, 2002 MT 59, ¶ 40, __ Mont. __, ¶ 40, __ P.3d __, ¶ 40. To determine whether to dismiss a juror for cause, trial courts are guided in part by § 46-16-115(2)(j), MCA, which provides:

A challenge for cause may be taken for all or any of the following reasons or for any other reason that the court determines:

. . .

(j)  having a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party.

Section 46-16-115(2)(j), MCA. Because of the right to a trial by an impartial jury, Art. II, Sec. 24, Mont. Const., and the great expense and inconvenience that results from retrial, dismissal for cause is favored when a serious question arises about the juror's ability to be impartial. State v. Williams (1993), 262 Mont. 530, 539-40, 866 P.2d 1099, 1104-05 overruled in part by State v. Good, 2002 MT 59, __ Mont. __, __ P.3d __.

¶12   Disqualification based on a juror's alleged prejudice is necessary only where jurors "form fixed opinions on the guilt or innocence of the defendant which they would not be able to lay aside and render a verdict based solely on the evidence presented in court." State v. DeVore, 1998 MT 340, ¶ 21, 292 Mont. 325, ¶ 21, 972 P.2d 816, ¶ 21 overruled in part by State v. Good, 2002 MT 59, __ Mont. __, __ P.3d __ (quoting Great Falls Tribune v. District Court (1980), 186 Mont. 433, 439-40, 608 P.2d 116, 120 (citations omitted)). Abuse of discretion occurs if a court fails to "excuse a prospective juror if actual bias is discovered during voir dire." DeVore, ¶ 21 (quoting State v. Chastain (1997), 285 Mont. 61, 64, 947 P.2d 57, 59 (citation omitted)). Further, "coaxed recantations of admissions of bias are merely fodder for appeal. . . . It is not a district court's role to rehabilitate jurors whose spontaneous, and thus most reliable and honest, responses on voir dire expose a serious question about their ability to be fair and impartial." DeVore, ¶ 28.

¶13   In Williams, we held that the trial court abused its discretion when it failed to dismiss a juror who stated she could not be impartial because she was a close friend of the arresting officer, was a resident of the neighborhood where the homicide occurred, read about the crime and formed an opinion, and had recently served as a juror in another homicide case. Williams, 262 Mont. at 536, 866 P.2d at 1102. In DeVore, we held that the trial court erred when it failed to dismiss two jurors who, throughout continued questioning, were unwavering in their belief that a defendant brought to trial must be "guilty of something" because their belief demonstrated an inability to afford the defendant the presumption of innocence. DeVore, ¶¶ 15-24. We further held the trial court's attempts to rehabilitate the jurors and qualify their statements was ineffective, improper and ignored the statements of clear bias by the jurors. DeVore, ¶¶ 26-28.

¶14   In Good, we determined that when a trial court fails to dismiss a biased juror, such an error is structural, as described in State v. Van Kirk, 2001 MT 184, 306 Mont. 215, 32 P.3d 735, because the error precedes the presentation of evidence, affects the framework of the trial, and the error cannot be qualitatively or quantitatively weighed against the evidence. Good, ¶ 62. Therefore, we held that such an abuse of discretion is conclusively prejudicial and requires automatic reversal if:
    (1) a district court abuses its discretion by denying a challenge for cause to a prospective juror;
    (2) the objecting party uses one of his or her peremptory challenges to remove the disputed juror; and
    (3) the objecting party exhausts all of his or her peremptory challenges.
Good, ¶ 62-63. By requiring automatic reversal when a defendant meets this three part test, we overruled that part of DeVore and Williams that provided for a type of harmless error analysis. Good, ¶ 63.

## B. Discussion

¶15    Freshment asserts the District Court erred in failing to dismiss two jurors for cause who could not be impartial toward his defense.  The State asserts that the jurors did not have fixed opinions on Freshment's guilt, that the jurors stated they could follow the law, and that we must defer to the District Court determinations on this issue.  The State also points out that in the cases relied on by Freshment, DeVore and Williams, the trial court participated in rehabilitating the prospective jurors at issue.

¶16    Based on the voir dire of Porter and Hansen, we hold the District Court abused its discretion in failing to dismiss these two jurors for cause.  Both jurors stated an actual bias directly related to an issue critical to the outcome of the case, i.e. whether Freshment could have a reasonable belief one of the victims was 16 or older.  Neither meaningfully qualified their biases when pressed by the State's attorney.  Further, Porter stated she "really couldn't" acquit and Hansen was the only person to respond when Peterson asked his final question to the prospective jurors, "Is there anybody who does not feel they can be fair and impartial?"  Like the jurors in DeVore who stood fast in their belief that anyone charged must be "guilty of something," these two jurors' statements show a candid, consistent belief that affected their ability to be impartial.  Further, these jurors showed a more specific bias in that they testified to a belief that was in direct conflict with the law when they stated they could not acquit even if they found Freshment had a reasonable belief that the victim was at least 16 years-of-age.

¶17    As the State points out, this case is different from Williams and DeVore in that here, the District Court did not attempt to rehabilitate the jurors.  Rather, the State attempted to do so for both jurors and the defense counsel asked similar questions of Hansen.  However, we noted in DeVore and Williams and we take note again here, that most people will at least agree to follow the law in the face of repeated questioning in a courtroom.  See also State v. Brown, 1999 MT 339, ¶ 27, 297 Mont. 427, ¶ 27, 993 P.2d 672, ¶ 27 (Nelson, J., specially concurring) (emphasizing in concurrence that most prospective jurors, after stating a candid and spontaneous bias, cannot resist repeated "rehabilitative" and generic questions regarding whether they can fairly apply the law when surrounded by attorneys, peers from the community, and the trial judge in the unfamiliar setting of a courtroom).

¶18    Coaxed recantations in which jurors state they will merely follow the law, whether prompted by the trial court, the prosecution, or the defense, do not cure or erase a clearly stated bias which demonstrates actual prejudice against the substantial rights of a party.  Therefore, the District Court abused its discretion in this case by failing to dismiss Porter and Hansen due to their straightforward, consistent statements of actual bias against Freshment's legal defense of a reasonable belief the victim was old enough to consent.

¶19    Given that we have determined the District Court abused its discretion when it failed to dismiss Porter and Hansen for cause, we turn to the next step of the analysis.  In this case, it is undisputed that Freshment used his peremptory challenges to remove both of these prospective jurors.  It is also undisputed that Freshment exhausted his peremptory challenges.  Therefore, according to the rule in Good, the District Court's error in this case is conclusively prejudicial and requires automatic reversal. Accordingly, we remand for retrial.

### III. ISSUE TWO

**¶20    Did the District Court abuse its discretion by denying Freshment's motion to sever the charges and hold separate trials?**

¶21    Freshment argues the District Court erred in concluding the two counts of sexual intercourse without consent were properly joined in one information and also erred in concluding that severance was not required due to unfair prejudice against him.  Because this will remain an issue on retrial, we will consider each argument in turn.

## A. Standard of Review for Joinder of Counts

¶22    We review whether counts were properly joined in an information de novo.  State v. Southern, 1999 MT 94, ¶ 17, 294 Mont. 225, ¶ 17, 980 P.2d 3, ¶ 17.  Section 46-11-404(1), MCA, allows joinder of offenses when the offenses are "of the same or similar character or are based on the same transactions connected together or constituting parts of a common scheme or plan."  Some factors used to consider whether counts in an information are of similar character include whether the charges are brought under the same statute; whether the charges involve similar victims, locations, or modes of operation; the time frame within which the charges occurred; and the geographical area within which the charges occurred.  Southern, ¶ 19.  A defendant has the burden to prove that counts were misjoined under § 46-11-404(1), MCA.  Southern, ¶ 14.

## B. Discussion

¶23    Freshment asserts that joinder of the two counts of sexual intercourse without consent was improper because the counts were not similar.  Freshment does not contest the similarities between the counts; both counts were brought under §§ 45-5-503(1) and 503(3)(a), MCA, and involved 15-year-olds; both victims met Freshment through mutual friends and consumed alcohol; and both alleged crimes occurred in Billings two days apart.  Freshment does, however, argue the counts are not similar because in one the victim consumed alcohol before she met Freshment and in the other, Freshment provided alcohol to the victim.  Freshment also asserts the charges are not similar because one involved an alleged forcible rape, whereas the other was allegedly consensual.

¶24    After reviewing the counts charged, we hold that the District Court did not err in concluding the counts were properly joined under § 46-11-404(1), MCA.  In this case, the counts satisfy most of the factors for similarity in character mentioned above.  Both counts involve sexual intercourse without consent with inebriated 15-year-olds; both victims were initially introduced to Freshment through mutual friends; the alleged crimes occurred within two days; and both occurred in Billings.  Further, in both instances, Freshment was alleged to know the age of the victim.  To hold these charges are not similar in character under § 46-11-404(1), MCA, would be equivalent to holding that no charges could ever be found similar if any differences exist.  Further, Freshment's distinction between forcible rape and alleged consent is not significant under § 46-11-404(1), MCA, if the consent is not found valid.  Therefore, the similarities in character between the two counts are sufficient for proper joinder, as found by the District Court.

## C. Standard of Review for Severance of Counts

¶25    We review denial of a motion to sever counts into separate trials for abuse of discretion.  Southern, ¶ 28; State v. Richards (1995), 274 Mont. 180, 188, 906 P.2d 222, 227; State v. Martin (1996), 279 Mont. 185, 191, 926 P.2d 1380, 1384.  A trial court may sever counts as allowed by statute:

> If it appears that a defendant or the prosecution is prejudiced by a joinder of charges or defendants in an indictment, information, or complaint or by a joinder for trial together, the court may order separate trials, grant a severance of defendants, or provide whatever other relief justice requires.

Section, 46-13-211(1), MCA.  In order to determine whether to sever the counts, the trial court must balance possible prejudice to a defendant against the judicial economy resulting from holding a joint trial.  Southern, ¶ 28; Richards, 274 Mont. at 188, 906 P.2d at 226-27; Martin, 279 Mont. at 191, 926 P.2d at 1384.  Judicial economy weighs heavily in the balancing process. Richards, 274 Mont. at 188, 906 P.2d at 227; Martin, 279 Mont. at 191, 926 P.2d at 1384.  Considerations of judicial economy can include the expeditious administration of justice, reduction of congestion in trial dockets, conservation of judicial time, reduction of burden on citizens who serve as jurors, and avoiding recalling witnesses.  Richards, 274 Mont. at 188, 906 P.2d 222, 227;  Martin, 279 Mont. at 191, 926 P.2d at 1384.

¶26    A criminal defendant seeking to sever counts into separate trials has the burden of proving that severing the counts is necessary to prevent unfair prejudice.  Southern, ¶ 14; State v. Slice (1988), 231 Mont. 448, 451, 753 P.2d 1309, 1311.  Regarding unfair prejudice, it is not sufficient for a defendant to prove that some prejudice will result from a joint trial or that a better chance of acquittal would be realized from separate trials.  Southern, ¶ 29; State v. Hocevar, 2000 MT 157, ¶ 63, 300 Mont. 167, ¶ 63, 7 P.3d 329, ¶ 63.  Rather, a defendant has the burden to demonstrate prejudice that will prevent a fair trial.  Southern, ¶ 29.  Finally, prejudice is more difficult to demonstrate and will not be found when the charges are few and the evidence is simple and distinct, because there is no reason to assume a jury will be confused and unable to keep the evidence separate.  Southern, ¶ 41; Richards, 274 Mont. at 189, 906 P.2d at 227; Martin, 279 Mont. at 193, 926 P.2d at 1385; State v. Orsborn (1976), 170 Mont. 480, 489, 555 P.2d 509, 515; State v. Campbell (1980), 189 Mont. 107, 122, 615 P.2d 190, 199.

¶27    In considering whether prejudice will prevent a fair trial, there are three types of prejudice a defendant may prove that must be considered by a trial court.  Southern, ¶ 30.  First, the accumulation of evidence may be such that a jury would find the defendant a bad person and wish to convict the defendant of something.  Southern, ¶ 30.  Second, a jury might use evidence of guilt on one count to convict on another count, even though that evidence would be inadmissable at a separate trial on the latter count.  Southern, ¶ 30. Third, the defendant may suffer prejudice by wanting to testify on one count and not another.  Southern, ¶ 30.  Abuse of discretion by a district court only occurs where the court fails to properly weigh these three types of prejudice against the judicial economy resulting from a joint trial.

## D. Discussion

¶28    Freshment concedes on appeal that he did not suffer the third possible type of prejudice, prejudice suffered because a defendant wishes to testify on one count but not another, because at trial he testified to both counts.  Therefore, we need only consider whether the District Court abused its discretion in concluding that Freshment did not meet his burden to prove he would suffer unfair prejudice from accumulation of evidence or from the use of inadmissable evidence from one count as proof of guilt of another.


## 1. Accumulation of Evidence

¶29    Freshment argues the evidence on one count is stronger than the evidence on the other and therefore, the jury could accumulate evidence to find him a bad person and, consequently, find him guilty of both counts.  As evidence of accumulation, Freshment cites the State's closing statement at trial in which the State's attorney discussed the counts together.  The State said:

> Two girls, two young girls, within two days, two nightmares, two lives shattered all because what this defendant wanted.  And what this defendant wanted was young girls.  One said yes, one said no, and when she said no, he took what he wanted from her.  He took what he wanted from both of them.

>    . . .

> [W]hat kind of man does this. What kind of 30-year-old man has sex with young girls, 15-year-olds?

Freshment also notes testimony submitted by the State for the sentencing hearing in which the counts were discussed together.  Freshment also asserts that because of the emotional nature of the crimes, juries cannot help but accumulate such evidence.

¶30    After reviewing the possible evidence of prejudice cited by Freshment, we hold that discussing counts together in opening or closing arguments or at sentencing, as is commonly done in joint trial proceedings, does not prove evidence was improperly accumulated by the jury to find guilt.  Freshment does not argue there was insufficient evidence for each count and does not argue the jury was improperly instructed as to each count.  Rather, he only makes an assertion that the jury might have accumulated evidence, due to the State's statements.  As we held in Martin, an unsupported, general assertion of the cumulative effect of evidence alone is not sufficient to demonstrate prejudice requiring severance.  Martin, 279 Mont. at 192, 926 P.2d at 1385.  Closing statements are intended to present a summation of the evidence to the jury and prosecutors will naturally mention counts together in presenting a summation.  Likewise, sentencing recommendations also present summations to a court.  Because such summations are integral to the normal course of proceedings and Freshment has failed to

show that the summations here are unfairly prejudicial, we hold that Freshment failed to demonstrate unfair prejudice from accumulation of evidence.

¶31   In addition, Freshment cites no authority for his assertion that the crime of sexual intercourse without consent against a minor requires special treatment different than other crimes because its emotional nature somehow indiscriminately causes a jury to accumulate evidence.  In reviewing accumulation of evidence in Southern, we denied severance of five counts of sexual intercourse without consent against four senior citizens, clearly as emotional as the charges in this case.  Southern, ¶ 32.  In Martin, we similarly denied severance of eight counts of sexually related crimes, all against children under fourteen.  Martin, 279 Mont. at 192, 926 P.2d at 1385.  Therefore, Freshment also failed to demonstrate unfair prejudice requiring severance due to the accumulation of evidence of crimes that are sexual in nature against particularly vulnerable victims.

## 2. Use of Inadmissable Evidence

¶32   Freshment next argues the District Court erred in finding that each count would have been admissible as evidence of common scheme against the other if separate trials were held.  Freshment bases his argument on the Just/Matt rule, which interprets Rule 403 and Rule 404(b), M.R.Evid., to prohibit introduction of evidence of other crimes committed by a defendant at a trial of a separate charge unless certain proof requirements are met.  See State v. Just (1979), 184 Mont. 262, 602 P.2d 957; State v. Matt (1991), 249 Mont. 136, 142, 814 P.2d 52, 56.  Freshment asserts that because each count would not have been admissible against the other in a separate trial, failing to sever the counts allowed the jury to consider prejudicial character evidence.  Freshment cites State v. Sweeney, 2000 MT 74, 299 Mont. 111, 999 P.2d 296, in support of his argument that the District Court erred in finding the counts would have been admissible in separate trials.  He also reasserts that under the Just/Matt rule, the counts were not similar in character for the same reasons he argued above under the joinder issue.  Finally, he argues there was no overlapping evidence between the counts.

¶33   The State asserts that it is not necessary to consider whether each count would have been admissible against the other because, where the counts are few and straightforward, unfair prejudice does not occur because juries can properly consider simple and distinct evidence.  Alternatively, the State argues that the District Court was correct in finding that under the Just/Matt rule, each count would have been admissible in a separate trial of the other as part of a common scheme.

### a. Just/Matt Analysi s

¶34   First we will consider whether the District Court erred in finding that each count would be admissible in a separate trial of the other under the Just/Matt rule as evidence of a common scheme.  Admissibility of other crimes is determined by satisfying four factors:

> (1) The other crimes, wrongs or acts must be similar;
> (2) The other crimes, wrongs or acts must not be too remote in time;
> (3) The evidence of other crimes, wrongs or acts is not admissible to prove the

character of a person in order to show that they acted in conformity with such character; but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident;

(4) Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading of the jury, considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Southern, ¶ 34. We analyzed the first factor above already and determined that the counts are similar in character. Freshment concedes that the crimes charged here were not remote in time.

¶35   In this case, the District Court found the third factor was satisfied by finding the counts charged constituted a common scheme or plan. Our review of prior case law indicates that while the Sweeney case cited by Freshment does not discuss common scheme, the two counts charged against Freshment would not be admissible against each other as evidence of common scheme. In State v. Rogers, we held that the trial court erred in allowing testimony by prior victims because the prior sexual crimes had only generic similarities. State v. Rogers, 1999 MT 305, ¶ 40-43, 297 Mont. 188, ¶ 40-43, 992 P.2d 229, ¶ 40-43 (citing State v. Hansen (1980), 187 Mont. 91, 98, 608 P.2d 1083, 1087 (barroom pickups are too common to show systematic scheme or plan)). In Rogers, the sexual crimes each followed barroom meetings and occurred in vehicles parked in isolated areas. Rogers, ¶¶ 5-8, 22-23.

¶36   In contrast, in State v. Norris, we held that testimony by a prior victim was proper evidence showing common scheme where the defendant's acts were distinctive in that he called both rape victims, babysitters of minor age, to come to his hotel room to babysit his child. State v. Norris (1984), 212 Mont. 427, 429-30, 689 P.2d 243, 244-45; see also Martin, 279 Mont. at 195, 926 P.2d at 1387 (luring children to cabin by requesting help and giving them alcohol before sexually assaulting them showed common scheme); State v. Brooks (1993), 260 Mont. 79, 83, 857 P.2d 734, 737 (entertaining boys in a recreational setting then sexually assaulting them when they were off-guard showed common scheme).

¶37   Here, the two counts of sexual intercourse without consent against Freshment only have generic similarities which are analogous to Rogers and Hanson above. While both victims were minors, both met Freshment through mutual friends, and both consumed alcohol before the alleged crime, these similarities are not evidence that Freshment had a common scheme. Like the court in Rogers, the District Court here fell into "the common error of equating acts and circumstances which are merely similar in nature with the more narrow common scheme or plan." Rogers, ¶ 38 (quoting State v. Harris (Wash.Ct.App. 1984), 677 P.2d 202, 205).

¶38   Because the similarities between the counts are insufficient as evidence of a common scheme or plan and would not be admissible for other purposes, such as proof of motive, opportunity, intent, knowledge, identity, or absence of mistake, the counts here would not be admissible against each other in separate trials under the third factor of the modified Just/Matt rule. Therefore, we hold the District Court erred in concluding that the two counts charged against Freshment would be admissible against each other in separate trials. However, this conclusion does not require reversal of the District Court's

denial of Freshment's motion to sever.

### b. The "Simple and Distinct" Exception

¶39   Given that the counts would be inadmissible against each other in separate trials, Freshment's argument here, in essence, is that unfair prejudice requiring severance must be presumed.  We disagree.  Instead, we agree with the position of the State in that an exception to Just/Matt presumptions is allowed when the evidence is simple and distinct.  Said another way, when the charges are few and the evidence is straightforward, unfair prejudice will not be found because it is unlikely a jury will confuse the evidence and improperly find guilt on one count using evidence from the other.  Southern, ¶ 41; Richards, 274 Mont. at 189, 906 P.2d at 227; Martin, 279 Mont. at 193, 926 P.2d at 1385; Orsborn, 170 Mont. at 489, 555 P.2d at 515; Campbell, 189 Mont. at 122, 615 P.2d at 199.

¶40   This exception is proper in light of the fact that the joinder statute, § 46-11-404(1), MCA, explicitly allows a joint trial when the counts are merely "of the same or similar character."  Further, there is a crucial distinction between the prejudice that might occur in a joint trial of two separate charges and the prejudice that results from other crimes evidence admitted in violation of the Just/Matt rule.  In the situation where two charges are joined under the simple and distinct exception, the State still has the burden to prove each element of both crimes beyond a reasonable doubt.  In contrast, if other crimes evidence is admitted in violation of the Just/Matt rule, the evidence is especially prejudicial because that evidence is not subject to proof beyond a reasonable doubt.  Other crimes evidence may consist of prior convictions, but it also may consist of previous bad acts that were never even charged. See for example cases where other crimes evidence admitted was not result of previous conviction: State v. Gambrel (1990), 246 Mont. 84, 87-90, 803 P.2d 1071, 1073-75 (prior bad acts of defendant against three other live-in partners admitted to show common scheme with murder charged);  Norris, 212 Mont. at 431-32, 689 P.2d at 245 (prior bad act of defendant admitted to show common scheme, even though defendant plead guilty to a lesser crime rather than bad act);  State v. Jensen (1969), 153 Mont. 233, 238-39, 455 P.2d 631, 634 (testimony of twelve other patients describing sexual advances admitted to show three-year continuous pattern in which chiropractor sexually assaulted patients in his office).

¶41   Therefore, the "simple and distinct" exception allowed here for joinder acknowledges that whatever prejudice might result when merely similar crimes are tried together, because each charge must nonetheless be proven beyond a reasonable doubt, the prejudice is not unfair and is not outweighed by the heavy consideration judicial economy receives in considering a motion to sever.  See Richards, 274 Mont. at 188, 906 P.2d at 227;  Martin, 279 Mont. at 191, 926 P.2d at 1384.

¶42   In following our earlier precedent and further defining a "simple and distinct" exception to Just/Matt analysis in motions to sever, we parallel federal law.  See 1A Charles Alan Wright, Federal Practice and Procedure, Federal Rules of Criminal Procedure 3d § 222 (1999) (comparing cases where severance is required due to unfair prejudice because counts would be inadmissible in separate trials to cases where a "simple and distinct" charges exception is allowed and severance is not required).  However, in making this holding, we emphasize here that it is proper for trial courts to consider the Just/Matt analysis when considering a motion to sever.

¶43    In this case, as Freshment himself notes, the charges involved different victims with no overlapping evidence.  The only witnesses who testified to both counts were the investigating officers and a crime lab employee.  Freshment fails to point out any prejudice in the proceedings indicative of the jury being unable to keep the counts separate in their deliberations or indicative of the jury convicting him of one count on the basis of evidence offered on the other count.  Rather, the counts joined in this case involved simple and distinct evidence.  Therefore, we hold the District Court did not err in concluding Freshment did not meet his burden to show unfair prejudice, because there is no reason to assume the jury was unable to properly consider and keep separate the straightforward evidence.

¶44    In arguing in favor of his motion to sever, Freshment failed to meet his burden to show prejudice that prevented a fair trial, either due to accumulation of evidence or prejudice from inadmissible evidence.  Therefore, the District Court did not abuse its discretion by denying his motion to sever.

### IV. CONCLUSION

¶45    Because the District Court abused its discretion by failing to dismiss two jurors for cause, this case is remanded for retrial.

¶46    Affirmed in part, reversed in part and remanded.


/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART


Justice Patricia O. Cotter concurs.

¶47    I concur in the majority opinion.  As I did in State v. Good, 2002 MT 59, ___Mont.___, ___P.3d___,  I write separately to state that I would limit the Court's holding that a district court's abuse of discretion in failing to grant a challenge for cause during voir dire is conclusively prejudicial, to criminal cases only, and would apply a different test in civil cases.

/S/ PATRICIA COTTER

Justice Terry N. Trieweiler concurring and dissenting.

¶48    I concur that the District Court abused its discretion when it denied challenges for cause to jurors Paula Porter and James Hansen; and, I concur that based on the presumption of prejudice established in State v. Williams (1993), 262 Mont. 530, 866 P.2d 1099, and expanded upon in State v. DeVore, 1998 MT 340, 292 Mont. 325, 972 P.2d 816, Joseph Freshment's conviction should be reversed.  However, I dissent from the majority's classification of this error as structural error which requires automatic reversal for the same reason that I dissented to that same conclusion in State v. Good, 2002 MT 59, ___ Mont. ___, ___ P.3d ___.

¶49    Furthermore, I dissent from the majority's conclusion that the District Court did not abuse its discretion when it denied Freshment's motion to sever the charges against him and hold separate trials.  Although I agree that the charges were sufficiently similar to permit joinder pursuant to § 46-11-404(1), MCA, I disagree that there was insufficient evidence of prejudice to require severance pursuant to § 46-13-211(1), MCA.  Here, proof of each crime was prejudicial to the defendant in his defense of the other crime and each would not have been admissible in prosecution of the other had they not been joined because, as correctly noted by the majority, they did not satisfy the criteria for the admission of other acts pursuant to Rule 404(b), M.R.Evid.  The reason for Rule 404(b) and our case law enforcing it is to avoid the possibility that a person is convicted not because of proof of the charge against him but because of evidence that he or she has acted similarly on a prior or subsequent occasion.  That is exactly the risk which resulted from joinder of these charges and could have been avoided by trying the charges in this case separately.

¶50    The majority's exception for evidence which is "simple and distinct" makes no sense to me.  Either proof of other unrelated bad acts is prejudicial or it isn't.  It doesn't become less prejudicial because it is "simple and distinct."  In fact, any good trial lawyer knows that simple and clear evidence is the most effective.  Bad acts are bad acts whether simple or complicated.  The evidence is prejudicial because of the nature of the conduct proven, not because it is complicated or easily confused with the facts at issue.

¶51    In defense of the "simple and distinct" exception, the majority notes that we parallel federal law in that regard.  Personally, I think most efforts by this Court to parallel federal law in the area of criminal jurisprudence over the past twenty years have been misguided.  Therefore, the federal reenforcement referred to is of little comfort to me.

¶52    For these reasons I concur in part and dissent in part from the majority opinion.

/S/ TERRY N. TRIEWEILER

Justice Jim Rice concurring in part and dissenting in part.

¶53    I concur with the Court's holding that the District Court did not abuse its discretion in denying

Freshment's motion to sever the charges against him and hold separate trials.

¶54    I also concur with the result the Court has reached in reversing Freshment's conviction based upon the denial to his challenge for cause, albeit only for prospective juror Porter.  In response to a question about being able to acquit the defendant if there was a reasonable belief that the defendant could have understood the victim to be old enough to consent, Ms. Porter gave an explanation that concluded, "No, I'm–He's the adult."  In follow-up questions from defense counsel, Ms. Porter stated no less than four times that she could not follow the law if it required her to acquit the defendant.  Even under follow-up questioning from the prosecutor, Porter initially maintained that opinion, although she finally relented after additional follow-up questions were asked and indicated that she would follow the law.  Ms. Porter's answers indicate more than doubt about applying the law; she asserted repeatedly that she would not.  These answers form a sufficient basis to overcome the due deference we must give the trial court in ascertaining whether there was an abuse of discretion.  I would find no abuse of discretion in the case of prospective juror Hansen, whose primary assertion was self-doubt regarding his ability to apply the law, but who ultimately agreed that he could do so.

¶55    I join Justice Trieweiler in dissenting from the Court's application of the Van Kirk analysis herein, for the same reasons set forth in my dissent in State v. Good, 2002 MT 59, ___ Mont. ___, ___ P.3d ___.

/S/ JIM RICE