JUSTICE LEAPHART
dissenting.
¶29 The Court reaches a result that is inconsistent with our precedent concerning peremptory challenges to jurors. In addition, the Court has, without explanation, elevated an erstwhile “typical” trait of structural error to the lofty status of a requisite component of structural error. ¶30 If an error is structural, a defendant need not show prejudice since prejudice is presumed. The Court here, however, concludes that Swan must, pursuant to Strickland, establish that his attorney’s “failure to move for substitution of the trial judge under § 3-1-804, MCA,” prejudiced him “because it was not an error of constitutional dimensions.” ¶ 22. The Court distinguishes § 3-1-804, MCA, which affords either party an opportunity to automatically obtain a substitute trial judge, from § 3-1-805, MCA, which allows a party to move for the disqualification of a trial judge for cause. The Court acknowledges that the lack of an impartial trial judge constitutes a constitutional error which rises to the level of a structural error, requiring automatic reversal. LaMere, ¶ 23 (citing Tumey v. Ohio (1927), 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749). In concluding that the right to automatically substitute a trial judge “is not of constitutional dimension,” ¶ 24, the Court necessarily, albeit implicitly, proposes that the availability or deprivation of this right has no bearing on the impartiality of the trial judge. Our prior holdings regarding a defendant’s right to peremptorily *196 challenge jurors, however, undermine this proposition.
¶31 We have held that structural error occurs if:
(1) a district court abuses its discretion by denying a challenge for cause to a prospective juror;
(2) the defendant uses one of his or her peremptory challenges to remove the disputed juror; and
(3) the defendant exhausts all of his or her peremptory challenges. State v. Good, 2002 MT 59, ¶ 62, 309 Mont. 113, ¶ 62, 43 P.3d 948, ¶ 62; State v. Freshment, 2002 MT 61, ¶ 14, 309 Mont. 154, ¶ 14, 43 P.3d 968, ¶ 14. We reasoned that this effectively deprives the defendant of the right to exercise all of his or her peremptory challenges and concluded that “[w]hen the State has more peremptory challenges than the accused, the State has an unmistakable tactical advantage and the impartiality of the jury is compromised. Errors which affect the impartiality of the jury are, by definition, structural and require reversal.” Good, ¶ 65 (emphasis added).
¶32 A jury’s impartiality is compromised whenever the State retains an opportunity — which the defendant is effectively denied-to automatically exclude a juror by exercising a peremptory challenge. This imbalance between the number of peremptory challenges compromises the jury’s impartiality in a manner that is impossible to quantify. The impartiality of a judge is likewise compromised when the State, but not the defendant, is afforded the opportunity to automatically substitute a trial judge. The defendant alone is thus denied a means by which to ensure the judge’s neutrality. Here, the inaction of Swan’s counsel effectively deprived him of his statutory right to automatically substitute the trial judge, yet the State retained its right to do the same if it felt in any way disadvantaged by the judge’s participation in the trial. This disparity compromises the impartiality of the judge just as a discrepancy in the number of peremptory challenges available to each party compromises the impartiality of a jury. Accordingly, it constitutes error that is both constitutional and structural and excuses Swan from having to establish prejudice.
¶33 Finally, I disagree with the Court that a structural error must be an error “of constitutional dimensions.” The Court correctly notes that a structural error “is typically of constitutional dimensions,” Van Kirk, ¶ 38 (emphasis added), and then concludes that because “Swan has failed to establish that the alleged error is of constitutional dimension,” “the alleged error is not structural.” ¶ 25. The Court fails to explain why it has interpreted “typically” to mean “always.” This strained *197 interpretation allows the Court to affirm denial of Swan’s petition without further substantive analysis. Regardless, I would hold that the shadow of partiality cast on the proceedings by Swan’s inability to exercise his right to automatically substitute the judge constitutes structural error.
¶34 I dissent.