DA 07-0734

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 459N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

JESUS MIGUEL LOPEZ,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District, In and For the County of Missoula, Cause No. DC 02-236 Honorable Robert L. Deschamps, III, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Jim Wheelis, Chief Appellate Defender, Helena, Montana

        For Appellee:

            Hon. Mike McGrath, Montana Attorney General; Mark W. Mattioli, Assistant Attorney General, Helena, Montana

            Fred Van Valkenburg, Missoula County Attorney; Shawn Thomas, Deputy County Attorney, Missoula, Montana

Submitted on Briefs: December 10, 2008

Decided: December 31, 2008

Filed:

_____
                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant Jesus Miguel Lopez (Lopez) appeals following his conviction of criminal endangerment and reckless driving on the grounds that the District Court abused its discretion in refusing to dismiss a prospective juror for cause and that the District Court committed structural error when it refused to dismiss this prospective juror for cause. We affirm.

¶3     The State charged Lopez with two counts of assault on a police officer, criminal endangerment, and reckless driving following a high speed chase in 2002. The State amended the information in 2006 to add a count of bail jumping. The court dismissed one count of assault on a peace officer before trial and the jury could not reach a verdict on the second count. The jury convicted Lopez of criminal endangerment and reckless driving. The jury found Lopez not guilty of bail jumping. The court sentenced Lopez to ten years in the Montana State Prison, with five years suspended, and imposed a fine of $300. Lopez appeals.

¶4     Lopez argues that the District Court failed to dismiss for cause prospective juror Harley Jones. Lopez challenged prospective juror Jones for cause following a colloquy between Lopez's counsel and Jones during voir dire. Lopez cites Jones's answer to a

2

question by Lopez's counsel as to whether any member of the venire thought Lopez "guilty right now?" Respective juror Jones eventually responded as follows:

> Now, the evidence has to be proven that whatever is charged on his third--or whatever he's charged for here, has to be proven to me that he's not guilty. That's my opinion.

The Court allowed the State to ask a series of follow-up questions to prospective juror Jones and the court eventually asked several of its own questions. The court denied the challenge for cause.

¶5 Lopez contends that prospective juror Jones's answer constituted bias that formed grounds for dismissal of Jones. Lopez cites for support our decisions in *State v. DeVore*, 1998 MT 340, ¶¶ 14, 21, 292 Mont. 325, ¶¶ 14, 21, 972 P.2d 816, ¶¶ 14, 21, and *State v. Hausauer*, 2006 MT 336, 335 Mont. 137, 149 P.3d 895.

¶6 The State counters that the brief colloquy cited by Lopez fails to give context to the questioning. The State points out that Lopez's counsel informed the venire during voir dire that there would "be no dispute that [Lopez] was in a car, he was extremely intoxicated, and he drove down I-90 and onto Highway 93 and up seven, eight miles at a very high rate of speed." Lopez's counsel also informed the jury that Lopez was "very obnoxious at times," and "profane." The State contends that these admissions by Lopez's counsel account for the fact that prospective juror Jones mentioned Lopez's charge "on his third." The fact that Lopez was intoxicated and speeding constituted the first two of the three factors mentioned by prospective juror Jones.

¶7 The State further cites prospective juror Jones's response to a question by the court regarding the State bearing the burden of proof and whether Lopez had to make any affirmative showing of innocence. Prospective juror Jones responded as follows:

> I just assumed that it's an even slate. It's 50/50, can go either way and that's the reason why we're here. If it was positive, he wouldn't be in here. So evidently there is reasonable cause of why we're here for a judgment. Does that help?

The State further notes that prospective juror Jones responded affirmatively to the court's questioning regarding the fact that the State bears the burden of proof, that this burden of proof means beyond a reasonable doubt, and that Lopez had to make no affirmative showing of innocence.

¶8 We review for an abuse of discretion a district court's denial of a challenge for cause to a prospective juror. *State v. Falls Down*, 2003 MT 300, ¶ 17, 318 Mont. 219, ¶ 17, 79 P.3d 797, ¶ 17. A court abuses its discretion if it fails to excuse a prospective juror whose actual bias is discovered during voir dire. *State v. Freshment*, 2002 MT 61, ¶ 12, 309 Mont. 154, ¶ 12, 43 P.3d 968, ¶ 12. We generally have determined that a district court's abuse of discretion in denying a challenge for cause made by defendant to even one prospective juror constitutes structural error that requires reversal and remand for a new trial. *State v. Good*, 2002 MT 59, ¶¶ 62-63, 309 Mont. 113, ¶¶ 62-63, 43 P.3d 948, ¶¶ 62-63.

¶9 We have determined to cite this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that prospective juror Jones did

not reveal actual bias during voir dire.  Settled Montana law controls this determination and the District Court correctly interpreted this settled law.  We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART