DA 11-0054

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 314

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JESSE WILLIAM KIRK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 09-357
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Matthew M. Wilcox, Wendy
Johnson, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Jason Marks, Jennifer
Clark, Deputy County Attorneys, Missoula, Montana

Submitted on Briefs:  November 23, 2011

Decided:  December 20, 2011

Filed:

_____
                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Jesse William Kirk (Kirk) was convicted by a jury of one count of burglary (§ 45-6-204(1), MCA) and one count of criminal possession of dangerous drugs (§ 45-9-102(4), MCA).  He was sentenced as a persistent felony offender on the burglary conviction, receiving 45 years in the Montana State Prison with 30 years suspended. He was sentenced to a concurrent five-year term on the drug count.  Kirk appeals from the District Court's pre-trial order denying his motion to sever the counts.

¶2      Kirk claims that it was an abuse of discretion to deny his motion to sever, and that his right to a fair trial was prejudiced in doing so.  He argues that the joint trial allowed for the introduction of otherwise inadmissible evidence, and the loss of his right to testify to one charge while remaining silent as to the others.

FACTUAL AND PROCEDURAL BACKGROUND

¶3      The State initially charged Kirk with three counts of burglary based upon a series of offenses that were alleged to have occurred between June 22 and June 24, 2009.  The State alleged that on June 22, Kirk purchased a tan at the Brown Sugar tanning salon in Missoula but did not start his machine.  Soon thereafter, a female client felt someone touch her thigh from outside the tanning bed she was using.  She reported that the man who had touched her was wearing black shoes with silver stripes.  When Kirk left, he was wearing shoes similar to those described by the woman.  Both the customer and salon staff called law enforcement.

2

¶4     The next day Kirk went to Hooters casino and restaurant, but did not sit down or order.  One of the casino attendants later realized that her prescription morphine sulfate was missing from her purse, which had been in a restricted, employee-only area.  Hooters surveillance footage showed that Kirk had entered the area.

¶5     Missoula police were looking for Kirk based upon the Brown Sugar incident and a warrant from Helena, Montana, related to tanning salon burglary and dressing room peeping incidents there.  Kirk was arrested outside a Missoula shopping center, and his vehicle was transported to a secure facility.  Upon searching the vehicle, officers discovered several purses and bank bags that did not belong to Kirk.  One of the purses had been reported as stolen from a home the prior evening.  Officers also found the bottle of morphine prescribed to the Hooter's casino attendant.

¶6     Kirk was initially charged with three burglaries stemming from the tanning salon touching, the Hooters incident relating to the morphine theft, and the theft of a yellow purse from a home.  He moved to dismiss two of the counts, sever all three into separate trials, suppress evidence of alleged crimes in other Montana cities, and change the venue of the proceedings.  Before a hearing could be held on these motions, the State was granted leave to amend its charging information to include a count of criminal possession of dangerous drugs relating to the morphine.  Kirk filed a second motion to sever the dangerous drugs possession charge.  The District Court denied all of Kirk's motions.  The District Court observed that the four counts in the information were not likely to confuse a jury or lead to an improper conviction.  The District Court found that the four counts

were united by a "common scheme or plan to victimize female residents of Montana's various primary cities."

¶7 One burglary count was dismissed at trial because the victim could not testify due to illness. The District Court declared a mistrial on another burglary count because the jury could not reach a verdict. Kirk was convicted on the two remaining charges—the Hooters burglary and criminal possession of dangerous drugs. His timely appeal followed.

¶8 *Issue*: *Did the District Court abuse its discretion by denying Kirk's motion to sever the charges?*

¶9 Kirk alleges that the District Court erred in concluding that the four counts in the amended information were properly joined, and that it also erred in concluding that severance was not required to avoid an unfair trial.

## STANDARDS OF REVIEW

¶10 "A criminal defendant seeking to sever counts into separate trials has the burden of proving either that the counts were misjoined under § 46-11-404(1), MCA, or, if joinder was proper, that severing the counts under § 46-13-211(1), MCA, is necessary to prevent unfair prejudice." *State v. Southern*, 1999 MT 94, ¶ 14, 294 Mont. 225, 980 P.2d 3. We review whether counts in a charging information were properly joined de novo. *State v. Freshment*, 2002 MT 61, ¶ 22, 309 Mont. 154, 43 P.3d 968. Conversely, the denial of a motion to sever charges based on unfair prejudice is reviewed under an abuse of discretion standard. *State v. Duncan*, 2008 MT 148, ¶ 20, 343 Mont. 220, 183 P.3d 111. The defendant's burden here is substantial:

4

> It is not sufficient for a criminal defendant to prove that he will face some prejudice as a result of a joint trial, or that he stands a better chance of acquittal if separate trials are held. Rather, a criminal defendant must prove that the prejudice is so great as to prevent a fair trial.

*State v. Riggs*, 2005 MT 124, ¶ 34, 327 Mont. 196, 113 P.3d 281.

¶11 The district court must balance possible prejudice to a defendant against the judicial economy resulting from holding a joint trial. *Freshment*, ¶ 25. Judicial economy weighs heavily in the balancing process. *Freshment*, ¶ 25. Because this balancing is discretionary, we will not substitute our judgment for that of the district court unless there is an abuse of discretion. *Southern*, ¶ 28.

## DISCUSSION

¶12 Kirk filed a motion to sever in the District Court arguing that the four counts were not properly joined under § 46-11-404(1), MCA, and that severing the counts under § 46-13-211(1), MCA, was necessary to prevent unfair prejudice. As such, we will address both issues in order.

A. Was joinder of the counts in the amended information proper pursuant to § 46-11-404(1), MCA?

¶13 The joinder of offenses is permissible when they are "of the same or similar character or are based on the same transactions connected together or constituting parts of a common scheme or plan." Section 46-11-404(1), MCA. Some factors used to consider whether counts in an information are "of similar character" include whether the charges are brought under the same statute; whether the charges involve similar victims, locations, or modes of operation; the time frame within which the charges occurred; and the geographical area within which the charges occurred. *Freshment*, ¶ 22.

¶14     Kirk argues that the crimes he was convicted of are not of the same or similar character, stressing that burglary and criminal possession of dangerous drugs are controlled by separate statutes. He also alleges that burglary victimizes individuals while drug crimes victimize "the community." The State points out that Kirk's argument essentially ignores the "common scheme" prong of the analysis, particularly in light of the District Court's finding that Kirk's offenses were part of a "common scheme or plan to victimize female residents of Montana's various primary cities." We are persuaded by the State's argument.

¶15     Clearly, the charges in the first three counts satisfied the criteria listed above. In carrying out the scheme as characterized by the District Court, Kirk's burglary at Hooters occasioned the second charge of criminal possession of dangerous drugs. "[J]oining two charges is proper in cases in which one charge precipitates the second charge and in cases in which the charges are logically linked by motive and where overlapping proof must be offered." *Southern*, ¶ 23 (citing *State v. Richards*, 274 Mont. 180, 187, 906 P.2d 222, 226 (1995)). Here, both the burglary and drug charges were linked by common motive. Further, the record adequately demonstrates how separate trials of the charges would have required duplicative appearances by several witnesses. Accordingly, we hold that all four counts in the amended information were properly joined.

   B. Was severing the counts necessary to prevent unfair prejudice to Kirk?

¶16     Kirk argues that in denying his motion to sever the charges, the District Court prejudiced him by allowing the jury to use proof of his guilt of the burglary charges as proof of his guilt of the drug charge. He also argues that in jointly trying all counts, he

6

was stripped of his right to testify as to some of the charges and remain silent as to others. On appeal, he explains that he wished to personally refute testimony and evidence pertaining to the tanning salon burglary, but could not do so without subjecting himself to cross-examination regarding the drug charge. The State asserts that Kirk has failed to carry his burden to show that he was prejudiced to the point of being denied a fair trial, and that the interests of judicial economy outweigh any prejudice he suffered.

¶17 As noted above, § 46-13-211, MCA, provides discretion to the district court to sever charges, properly joined, if the defendant is prejudiced by the joinder. There are three ways prejudice can be demonstrated to show the necessity of severing multi-charge trials. *Southern*, ¶ 30. First, an accumulation of evidence may lead the jury to the conclusion that the defendant is a bad person who must be convicted of something. Second, a jury might use evidence of guilt on one count to convict on another count, even though that evidence would be inadmissible in a separate trial on the latter count. Third, the defendant may suffer prejudice by wanting to testify on one count, but remain silent on another. *Southern*, ¶ 30. An abuse of discretion occurs where the district court fails to properly weigh these three forms of prejudice against the judicial economy resulting from a joint trial.

¶18 Kirk focuses the attention of the Court on the second and third varieties. He initially argues that he was prejudiced due to the testimony of a Helena police officer who related that he had been looking for Kirk based upon reports from a tanning salon and department store in Helena. Kirk was not charged in this case with the Helena-based allegations, and none of the facts relevant to those incidents was presented to the jury.

7

The limited evidence was admitted under M. R. Evid. 404(b) and the *Modified Just Rule* as it existed at the time. *See State v. Dist. Ct. of the Eighteenth Jud. Dist.*, 2010 MT 263, ¶¶ 35-49, 358 Mont. 325, 246 P.3d 415. A defendant who alleges that evidence of guilt on one count will be used to convict on another count has the threshold burden of showing that the disputed evidence would be inadmissible in a separate trial. *State v. Hocevar*, 2000 MT 157, ¶ 71, 300 Mont. 167, 7 P.3d 329. Kirk failed to establish prejudice. The limited evidence admitted did not demonstrate that Kirk was guilty of other crimes, either in Helena or Missoula. The testimony merely established how the police initially came in contact with the defendant and provided a foundation for the introduction of evidence related to the search of a vehicle. It was admissible on all counts.

¶19 The four charges were simple and distinct. "[W]hen the charges are few and the evidence is straightforward, unfair prejudice will not be found because it is unlikely a jury will confuse the evidence and improperly find guilt on one count using evidence from the other." *Freshment*, ¶ 39. The record shows that the jury carefully considered the elements of each charge, at one point submitting a question to the District Court asking, "What if we are agreed on two counts but cannot agree on one count unanimously?" As illustrated by the hung jury and declaration of mistrial on one count, the jury had no difficulty separating the evidence on each count. *See Richards*, 274 Mont. at 189, 906 P.2d at 227. Kirk has failed to establish that the evidence admitted at trial would not have been admissible at separate trials, nor has he established that the jury inferred guilt on one count based upon evidence of guilt of another.

¶20 Kirk's final argument is that the joint trial prejudiced him because he was unable to testify as to the tanning salon charges without being subject to cross-examination on the drug charge. The State argues that this form of prejudice "only has merit if the offenses were 'totally separate as to time, place and evidence.'" *Richards*, 274 Mont. at 189, 906 P.2d at 227 (quoting *State v. Orsborn*, 170 Mont. 480, 489, 555 P.2d 509, 515 (1976)). It is also a general rule that the defendant cannot claim that his right against self-incrimination has been prejudiced "where the State has not exploited the defendant's right to testify by cross-examining him on the matters on which the defendant wished to avoid testifying." *Duncan*, ¶ 34.

¶21 The State did not exploit Kirk's right against self-incrimination because Kirk did not attempt to testify. Kirk claims that this was because the District Court's ruling "boxed him into a strategic corner," where he did not attempt to testify because it would necessarily result in prejudicial cross-examination. Kirk's brief in support of the motion to sever simply stated that he may wish to testify on the tanning salon burglary charge, but remain silent on the possession charge.[1] Prior to trial, he did not specifically state that he intended to testify. The District Court ruled that Kirk had "not informed the Court that he intends to take the stand on one or more counts while maintaining his right to be silent as to the other counts, and therefore, at this point the Court sees no unfair bias in trying the four counts together." In *State v. Martin*, 279 Mont. 185, 197, 926 P.2d 1380, 1388 (1996), this Court found a general assertion that the defendant's privilege against self-incrimination would be compromised in a joint trial "insufficient to prove the

---

[1] The tanning salon charge was ultimately dismissed because of the hung jury.

existence of this type of prejudice." Had Kirk been more specific in his objections, the District Court could have limited any cross-examination to the count addressed in the Defendant's direct testimony and prejudice could have been avoided.

¶22 While Kirk may have faced some prejudice as a result of the joint trial, he did not prove that the prejudice was so great that it prevented a fair trial. Joinder in this case reduced the congestion of the District Court's trial docket, avoided recalling witnesses in separate trials, and conserved judicial time. Joinder of the counts promoted judicial economy, a factor which weighs heavily in the balancing process to determine whether to grant a motion to sever. We hold that the District Court did not abuse its discretion in denying Kirk's motion to sever.

CONCLUSION

¶23 For the reasons stated above, the Appellant's conviction is affirmed.


/S/ MIKE McGRATH


We concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ JIM RICE