No. 04-280

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 208

STATE OF MONTANA,

        Plaintiff and Respondent,

 v.

CODY WILLIAM MARBLE,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and For the County of Missoula, Cause No. DC 02–103
                     Honorable Douglas G. Harkin, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                William F. Hooks, Attorney at Law, Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Joslyn M. Hunt,
                Assistant Attorney General, Helena, Montana

                Fred Van Valkenburg, Missoula County Attorney; Dori Brownlow,
                Deputy County Attorney, Missoula, Montana


                               Submitted on Briefs:  June 7,  2005

                                    Decided:  August 23, 2005


Filed:

                  _____
                             Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Cody William Marble (Marble) appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on his conviction and sentence for the offense of sexual intercourse without consent. We affirm.

¶2     Marble raises the following issues on appeal:

¶3     1. Did the District Court abuse its discretion in denying Marble's motion to excuse a juror for cause?

¶4     2. Did the District Court abuse its discretion in instructing the jury regarding witness credibility?

BACKGROUND

¶5     In March of 2002, the State of Montana (State) charged Marble by information with the felony offense of sexual intercourse without consent. The information alleged that Marble, while confined in the Missoula County Juvenile Detention Facility (Facility), knowingly had anal sexual intercourse without consent with another inmate of the Facility. The District Court scheduled a jury trial to begin on November 20, 2002.

¶6     Both Marble and the State provided the District Court with proposed jury instructions prior to trial. Marble objected to the State's proposed instruction regarding witness credibility and offered an alternative instruction. During the settling of instructions at trial, Marble renewed his objection to the State's witness credibility instruction and urged the

District Court to give his alternative instruction. The court denied Marble's instruction and gave the State's instruction.

¶7 During *voir dire* of the jury panel on the first day of trial, defense counsel questioned the panel regarding whether any of them considered the act of anal sexual intercourse between two males so abhorrent that it would affect their ability to view and weigh the evidence fairly. One juror, John Stoner (Stoner), responded that his religious convictions made the idea of such an act, if true, morally repugnant to him. Defense counsel moved to have Stoner removed from the jury panel for cause and the District Court denied the motion. After further questioning of Stoner by defense counsel and the prosecutor, defense counsel again moved the District Court to excuse Stoner for cause. The District Court denied the motion. Marble subsequently used one of his peremptory challenges to remove Stoner from the jury panel.

¶8 The jury ultimately found Marble guilty of sexual intercourse without consent. The District Court sentenced him and entered judgment on the conviction and sentence. Marble appeals.

DISCUSSION

¶9 1. Did the District Court abuse its discretion in denying Marble's motion to excuse a juror for cause?

¶10 We review a district court's denial of a challenge for cause to determine whether the court abused its discretion. *State v. Heath*, 2004 MT 58, ¶ 7, 320 Mont. 211, ¶ 7, 89 P.3d 947, ¶ 7. "In the context of challenges for cause, a court abuses its discretion if it fails to

3

excuse a prospective juror whose actual bias is discovered during voir dire." *Heath*, ¶ 7. In Montana, the challenging of a juror for cause is governed by statute which provides, in pertinent part, that a juror may be challenged for cause when the juror has "a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party." Section 46-16-115(2)(j), MCA. Challenges asserted pursuant to this subsection, however, must be determined in light of both the statutory language and the totality of the circumstances presented. *Heath*, ¶ 16.

¶11 Furthermore, we have held that a trial court's failure to dismiss a biased juror for cause constitutes structural error, which is presumptively prejudicial and requires automatic reversal if the following three requirements are met: (1) a trial court abuses its discretion by failing to excuse a juror for cause; (2) the objecting party uses one of his or her peremptory challenges to remove the juror from the panel; and (3) the objecting party exercises all of his or her peremptory challenges. *State v. Freshment*, 2002 MT 61, ¶ 14, 309 Mont. 154, ¶ 14, 43 P.3d 968, ¶ 14.

¶12 Marble contends that the District Court abused its discretion in denying his motion to excuse juror Stoner for cause. It is undisputed here that Marble used a peremptory challenge to remove Stoner from the jury panel and that Marble used all of his allotted peremptory challenges in selecting the jury. Consequently, he asserts that the District Court's abuse of discretion in failing to excuse Stoner for cause constituted structural error, is presumptively prejudicial and requires reversal of his conviction.

4

¶13    During *voir dire*, defense counsel asked the jury panel whether any of them had religious, personal or philosophical beliefs which would lead them to consider the act of anal sexual intercourse between two males so abhorrent that it would affect their ability to hear and weigh the evidence fairly. Juror Stoner responded that he had moral and religious beliefs which made the idea of such an act, if true, repugnant to him. At that point, defense counsel moved the District Court to excuse Stoner for cause. The court denied the motion. Defense counsel again asked Stoner whether he had a religious conviction or moral repugnance against the act of sexual intercourse between two males and Stoner responded affirmatively. Defense counsel renewed the motion to excuse Stoner for cause and the District Court asked whether the prosecutor wished to *voir dire* Stoner. The following exchange took place:

> Q:  [by the prosecutor] Based on your religious convictions, do you feel like that would impinge upon your ability to follow the law as advised by the Judge?
>
> A:  [by Stoner] It would probably make the desire to follow the law stronger because I have convictions. And fairness is what's important. And truth is what's important. That's what's--to me, that's what actually has created my moral thought. And so, if someone is innocent and they're charged and they truly are innocent, I could weigh that.
>
> Q: Do you feel like you could sit as an impartial juror and hear all of the evidence in this case?
>
> A:  I believe that.

¶14    Following this colloquy, defense counsel continued *voir dire* of Stoner and Stoner offered this statement:

> The point I was trying to make was that because of that--because of who I am, morally, I weigh what's right and what's wrong. And so, hopefully, I'm that

5

type of person to where--you know, if to be a conviction and the party is guilty, then I can weigh if they are or are not.

Defense counsel then questioned Stoner as follows:

Q: [by defense counsel] And, sir, I'm puzzled by your response, however, in that you say that if Cody Marble is innocent, then you can weigh the evidence. But, in fact, you as a juror would be determining that and you would have to be impartial from the outset about weighing the evidence. And--and my concern is that, um, moral repugnance is a very, very strong feeling. And it's backed by religious convictions in your case; correct, sir?

A: That would probably be a correct statement--what you said.

Q: And--and, sir, you've stated that if Cody Marble is innocent, then you can weigh the evidence. But do you understand that you must weigh the evidence in order to make that determination?

A: Sure.

Q: Do you feel that you can do that fairly?

A: Sure.

Defense counsel then again moved the District Court to remove Stoner for cause and the court denied the motion.

¶15 Marble asserts that Stoner had an acknowledged belief system which led him to find the alleged act of intercourse repugnant and that he appeared to condition his ability to fairly hear and weigh the evidence on Marble's being innocent. Thus, according to Marble, "Stoner approached his duties in reverse order--he could put his repugnance and religious convictions aside if Cody was innocent, which overlooks the fact that he would have to consider and weigh graphic testimony concerning commission of the alleged act, in making the determination of guilt or innocence." Marble contends that Stoner's viewpoint on this

6

issue raised doubts as to whether he could weigh the evidence with unbiased impartiality and required the District Court to excuse Stoner from the jury panel.

¶16    In support of his argument here, Marble relies on *Freshment* and *State v. Burkhart*, 2004 MT 372, 325 Mont. 27, 103 P.3d 1037, and contends that responses the jurors in those cases gave during *voir dire*--which required they be excused--are the same types of responses given by Stoner in this case.  We disagree.

¶17    In *Freshment*, the defendant appealed the District Court's failure to excuse two potential jurors for cause.  The defendant was charged with sexual intercourse without consent and he asserted the defense of consent by the victim based on his reasonable belief that the victim was over 16 years of age.  *Freshment*, ¶ 8.  During *voir dire*, two jurors initially stated they would not acquit the defendant even if it was proven he had a reasonable belief the victim was over the age of 16.  In other words, the jurors stated they would not be able to follow the law on that issue.  Upon questioning by the prosecution, both jurors eventually conceded they could follow the law as instructed by the trial court.  *Freshment*, ¶¶ 8 and 9.

¶18    On appeal, we held that the trial court abused its discretion in failing to excuse the jurors for cause because both jurors stated an actual bias directly related to a critical issue in the case.  The jurors expressed a "specific bias in that they testified to a belief that was in direct conflict with the law when they stated they could not acquit even if they found Freshment had a reasonable belief that the victim was at least 16 years-of-age." *Freshment*,

¶ 16. Moreover, the subsequent coaxed concessions by the jurors that they could follow the law could not cure their earlier clearly stated biases. *Freshment*, ¶ 18.

¶19     In *Burkhart*, the trial court granted the prosecution's motion to excuse a potential juror for cause after the juror stated it would be difficult for him to apply laws he disagreed with or felt were unconstitutional. *Burkhart*, ¶ 8. The defendant contended on appeal that the trial court abused its discretion in excusing the juror. We held that the court did not abuse its discretion because the juror expressed a bias with regard to a critical issue in the case, that being whether he could follow the law as instructed in light of the evidence presented at trial. The juror clearly stated "he would not necessarily follow the law given him by the court, regardless of the subject matter of the particular instruction." *Burkhart*, ¶ 53.

¶20     Unlike the jurors in *Freshment* and *Burkhart*, Stoner never expressed a reluctance or inability to follow the law and apply it, as instructed, to the facts of the case. Indeed, he stated that the same moral and religious beliefs which made the idea of anal intercourse between two males repugnant to him instilled a strong desire to follow the law. He consistently stated that he could be impartial and fairly weigh the evidence presented at trial. Furthermore, and contrary to Marble's assertion, Stoner did not indicate that he approached his duties as a juror in reverse order. Rather, he stated that he understood he must hear and weigh the evidence prior to making a determination as to Marble's guilt or innocence.

¶21     We conclude that, under the totality of the circumstances here, when considered in conjunction with the language of § 46-16-115(2)(j), MCA, Stoner did not exhibit an actual bias during *voir dire* which would have prevented him from acting with impartiality and

8

without prejudice as a juror. We hold, therefore, that the District Court did not abuse its discretion in denying Marble's motion to excuse Stoner for cause.

¶22    2. Did the District Court abuse its discretion in instructing the jury regarding witness credibility?

¶23    We review jury instructions in a criminal case to determine whether the instructions, viewed in their entirety, fully and fairly instruct the jury as to the law applicable to the case. *State v. Grindheim*, 2004 MT 311, ¶ 17, 323 Mont. 519, ¶ 17, 101 P.3d 267, ¶ 17. A trial court has broad discretion in formulating jury instructions and we will not reverse a trial court unless the jury instructions prejudicially affect the defendant's substantial rights. *Grindheim*, ¶ 17.

¶24    Marble contends the District Court abused its discretion in giving the State's proposed jury instruction regarding witness credibility and refusing to give his alternative proposed instruction, and this abuse of discretion prejudicially affected his substantial rights. The State's proposed instruction, as given by the District Court, stated in pertinent part as follows:

> If you believe that any witness has willfully testified falsely as to any material matter in the case, you must reject such testimony as you believe to have been false and you have the right to view the rest of the testimony with distrust and in your discretion disregard it, unless, after examination of all the evidence, you find such testimony worthy of belief. This rule does not apply if a witness:
>
> 1. unintentionally commits an error in the witness' testimony, or
>
> 2. is unintentionally mistaken as to some matters or facts about which the witness testifies, or

9

3.  gives evidence concerning matters not material in this case without intention of deceiving the Court or jury.

Marble's proposed jury instruction included the first sentence quoted above and deleted the second sentence with its three enumerated exceptions.

¶25    Marble asserts that the credibility of the State's witnesses--who included the victim, other inmates incarcerated in the Facility at the time of the alleged offense and guards employed at the Facility--was a key issue at trial in light of the inconsistent stories related by those witnesses. Consequently, according to Marble, it was crucial that the District Court properly instruct the jury regarding assessing the credibility of the witnesses. He argues that the portion of the jury instruction which he proposed to omit was confusing, conflicting and improperly skewed the manner in which the jury weighed witness credibility because the instruction gave the jury no guidance as to how to determine whether a witness intentionally testified falsely or simply made a mistake, or whether the false testimony was material to the case. He relies on *United States v. McDonald* (5ᵗʰ Cir. 1980),620 F.2d 559, in support of his argument that the instruction as given by the District Court was impermissibly confusing and warrants reversal.

¶26    In *McDonald*, the defendant challenged a jury instruction which provided that, if the jury believed any witness willfully testified falsely as to any material fact, the jury could disregard that witness' testimony in whole or part "except insofar as it may have been corroborated by other credible evidence." *McDonald*, 620 F.2d at 565. The Fifth Circuit Court of Appeals determined that the quoted portion of the instruction was improperly

10

confusing because it "may have led the jury to believe that, if it found any support for the testimony of a perjurious witness, it was compelled to believe that testimony." *McDonald*, 620 F.2d at 565. We first observe that the Fifth Circuit reversed the defendant's conviction in that case based on a different dispositive issue and, consequently, the court's discussion of the jury instruction issue was dicta. Dicta is not persuasive authority for this Court in resolving the issue before us. Moreover, we conclude the present case is distinguishable because the jury here was more fully instructed on assessing witness credibility than the jury in *McDonald*.

¶27 Here, in addition to the above-quoted instruction challenged by Marble, the District Court instructed the jury as follows:

> The evidence presented by one witness whom you believe is sufficient for the proof of any fact in this case.
>
> You are not bound to decide any fact based upon the testimony of a larger number of witnesses whose testimony does not convince you against the testimony of a smaller number of witnesses (or against a presumption), or other evidence which does convince you.
>
> In determining what the facts are in the case, it may be necessary for you to determine what weight should be given to the testimony of each witness. To do this you should carefully consider all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief. You may consider:
>
> 1. The appearance of the witnesses on the stand, their manner of testifying, their apparent candor, their apparent fairness, their apparent intelligence, their knowledge and means of knowledge on the subject upon which they have testified.

11

2. Whether the witnesses have an interest in the outcome of the case or any motive, bias or prejudice.

3. The extent to which the witnesses are either supported or contradicted by other evidence in the case.

4. The capacity of the witnesses to perceive and communicate information.

5. Proof that the witness has a bad character for truthfulness.

Thus, contrary to Marble's assertion, the jury was given guidance via the instructions on assessing and weighing the credibility of the witnesses.

¶28 As stated above, we review jury instructions to determine whether the instructions, viewed in their entirety, fully and fairly instruct the jury as to the law applicable to the case. We conclude that the instructions given by the District Court, when viewed as a whole, fully and fairly instructed the jury on the applicable law, including the determination of witness credibility. We hold, therefore, that the District Court did not abuse its discretion in instructing the jury regarding witness credibility.

¶29 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ PATRICIA O. COTTER
/S/ JIM RICE

12