DA 06-0250

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 345N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RONALD GILBERT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 05-077,
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Joslyn M. Hunt, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Honorable Mike McGrath, Attorney General; John Paulson, Assistant
Attorney General, Helena, Montana

          Cyndee L. Peterson, County Attorney; Gina Bishop, Deputy County
Attorney, Havre, Montana

Submitted on Briefs: October 31, 2007

Decided: December 18, 2007

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and disposition to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Ronald Gilbert appeals from the decision of the District Court for the Twelfth Judicial District, Hill County, finding him guilty of one felony count of driving under the influence of alcohol, one misdemeanor count of failure to carry/produce proof of insurance, and one misdemeanor count of failure to remain to the right of the roadway. We affirm.

¶3 On June 10, 2005, the State charged Gilbert by information with one felony count of driving under the influence of alcohol, fourth or subsequent offense, in violation of § 61-8-401, MCA (Count I); one misdemeanor count of failure to carry/produce proof of insurance, in violation of § 61-6-302, MCA (Count II); one misdemeanor count of failure to remain to the right of the roadway, in violation of § 61-8-321, MCA (Count III); and one misdemeanor count of speeding, in violation of § 61-8-303, MCA (Count IV). These charges stemmed from a June 9, 2005, traffic stop in Hill County, Montana.

¶4 Gilbert pleaded not guilty to all four counts on June 20, 2005, and the matter went to trial on January 30, 2006. During voir dire, prospective juror Cheryl Gilbert (hereafter "Juror Gilbert"), no relation to the defendant, stated that she did not drink alcohol and

2

expressed her belief that if a person has a drink, he or she should not drive. When later questioned by defense counsel, Juror Gilbert stated that she was not 100 percent sure she could set aside her personal feelings and judge Gilbert on the circumstances of his case. Defense counsel challenged Juror Gilbert for cause and, in response to questioning by the court, she affirmed that she could apply the Montana impaired driving rules as dictated by the court, that she had not made up her mind, and that she was willing to listen to the evidence and base her decision on what she heard. The court denied the challenge for cause, and later, defense counsel did not use a peremptory challenge on Juror Gilbert. The jury found Gilbert guilty on Counts I-III, and not guilty on Count IV. The District Court sentenced Gilbert on February 22, 2006, on the three counts and designated him as a persistent felony offender under §§ 46-18-501 and 502, MCA, with a sentence of eight years at the Montana State Prison. This appeal followed.

¶5 Gilbert appeals his conviction on three grounds. He first contends that defense counsel rendered ineffective assistance of counsel by failing to use a peremptory challenge to remove Juror Gilbert after defense counsel unsuccessfully challenged her for cause. Second, Gilbert argues that the District Court erred when it denied Gilbert's challenge for cause and rehabilitated Juror Gilbert. Finally, Gilbert claims that the District Court violated the Double Jeopardy Clause when it suspended his driver's license in conjunction with his arrest for driving under the influence.

¶6 Claims of ineffective assistance of counsel present mixed questions of law and fact that we review de novo. *State v. St. Germain*, 2007 MT 28, ¶ 14, 336 Mont. 17, ¶ 14, 153 P.3d 591, ¶ 14.

3

¶7    When reviewing ineffective assistance of counsel claims, this Court applies the two-pronged test set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *State v. Cobell*, 2004 MT 46, ¶ 14, 320 Mont. 122, ¶ 14, 86 P.3d 20, ¶ 14. Under *Strickland*, to prevail on an ineffective assistance of counsel claim, the defendant must show: (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064; *Cobell*, ¶ 14. However, before applying the *Strickland* test, we must first determine whether direct appeal is the appropriate forum for the defendant's claims. "Generally, in addressing ineffective assistance of counsel claims, we ask 'why' counsel did or did not perform as alleged and then seek to answer the question by reference to the record." *St. Germain*, ¶ 34. "If the record on appeal explains 'why,' we will then address the issue on appeal. If the claim is based on matters outside the record on appeal, we will refuse to address the claim and allow the defendant to file a postconviction proceeding where a record can be developed as to 'why' counsel acted as alleged, thus allowing the court to determine whether counsel's performance was ineffective or merely a tactical decision." *St. Germain*, ¶ 34.

¶8    Gilbert contends that his counsel rendered ineffective assistance when he challenged Juror Gilbert for cause, which the District Court denied, but then failed to use a peremptory challenge to remove Juror Gilbert. We have previously recognized that peremptory challenges are essentially a matter of trial strategy. *State v. Herrman*, 2003 MT 149, ¶ 31, 316 Mont. 198, ¶ 31, 70 P.3d 738, ¶ 31. While Gilbert asserts that there was no tactical reason for defense counsel's failure to use a peremptory challenge on

Juror Gilbert, the record is silent as to why defense counsel chose not to use a peremptory challenge on her, and we conclude the matter would be more appropriately raised in a petition for postconviction relief. Accordingly, we dismiss Gilbert's ineffective assistance of counsel claim without prejudice to its being raised in a postconviction relief proceeding.

¶9 We review a district court's denial of a challenge for cause to determine whether the court abused its discretion. *State v. Marble*, 2005 MT 208, ¶ 10, 328 Mont. 223, ¶ 10, 119 P.3d 88, ¶ 10. A district court abuses its discretion if it fails to excuse a prospective juror if actual bias is discovered during voir dire. *State v. Rogers*, 2007 MT 227, ¶ 18, 339 Mont. 132, ¶ 18, 168 P.3d 669, ¶ 18.

¶10 One ground for dismissal of a juror based on a challenge for cause is when the juror has "a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party." Section 46-16-115(2)(j), MCA. Gilbert asserts that Juror Gilbert expressed bias when she stated her personal feelings regarding those who choose to drink alcohol, and that the District Court improperly rehabilitated Juror Gilbert when questioning her as to whether she could listen to the evidence and then make up her mind. "In determining whether a serious question has arisen regarding a prospective juror's ability to be fair and impartial, we review his or her responses as a whole." *State v. Golie*, 2006 MT 91, ¶ 10, 332 Mont. 69, ¶ 10, 134 P.3d 95, ¶ 10.

¶11 Here, a review of the transcript reveals that although Juror Gilbert expressed some doubt as to whether she could put aside her personal feelings on drinking, she indicated

on subsequent questioning that she would be willing to listen to the evidence and apply the law on impaired driving. Juror Gilbert's testimony as a whole demonstrated her ability to be fair and impartial. Accordingly, we hold that the District Court did not abuse its discretion in denying Gilbert's challenge for cause regarding Juror Gilbert.

¶12 Whether the Double Jeopardy Clause is implicated in a course of conduct against an individual by the government is a question of constitutional law, for which our standard of review is plenary. *State v. Schnittgen*, 277 Mont. 291, 295, 922 P.2d 500, 503 (1996).

¶13 Gilbert argues that because suspension of a person's license upon his or her refusal to take a blood or breath test is punitive and lacks a remedial purpose, the suspension violates the Double Jeopardy Clause of both the United States Constitution and the Montana Constitution when used in conjunction with a person's arrest for driving under the influence. We have examined this argument in previous decisions and held that, "suspension of a driver's license followed by a DUI prosecution does not violate state or federal constitutional provisions regarding double jeopardy." *State v. Ellenburg*, 283 Mont. 136, 140, 938 P.2d 1376, 1378-79 (1997); *see also City of Helena v. Danichek*, 277 Mont. 461, 922 P.2d 1170 (1996). Because the law is well settled on this point, we reject Gilbert's double jeopardy argument.

¶14 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial

6

evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶15     Affirmed.


/S/ JIM RICE


We concur:


/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS