FILED

May 27 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0359

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 183N

CODY WILLIAM MARBLE,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-2006-1200
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Cody William Marble (Self-Represented), Deer Lodge, Montana

       For Appellee:

              Steve Bullock, Montana Attorney General, Deborah F. Butler, Assistant
Attorney General, Helena, Montana

              Fred Van Valkenburg, Missoula County Attorney, Dorothy Brownlow,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  May 13, 2009

Decided:  May 27, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cody Marble, appearing self-represented, appeals from the Order and Memorandum of the Fourth Judicial District Court, Missoula County, denying Marble's petition for postconviction relief. Marble was convicted in November 2002 of sexual intercourse without consent, and we affirmed his conviction on direct appeal in *State v. Marble*, 2005 MT 208, 328 Mont. 223, 119 P.3d 88.

¶3 Marble then filed a petition for postconviction relief, setting forth three grounds for relief: (1) ineffective assistance of trial counsel, (2) newly discovered evidence that a videotape used at trial was tampered with and/or otherwise failed chain-of-custody safeguards, and (3) prosecutorial misconduct. The District Court thoroughly analyzed each of these claims and concluded as follows. First, the court concluded that Marble had failed to established that his counsel's performance fell below an objective standard of reasonableness in any of the 21 instances cited by Marble, much less that any deficient performance prejudiced his defense. Second, the court concluded that Marble had not met his burden of showing by a preponderance of the evidence that the videotape was altered, tampered with, or failed to meet basic chain-of-custody requirements. Lastly, the

2

court concluded that two of Marble's prosecutorial misconduct claims could have been raised on direct appeal and, thus, were procedurally barred. The court further concluded that Marble had failed to identify any facts supporting his other prosecutorial misconduct claims (namely, that the prosecutor "secreted" two witnesses from the defense, and that the prosecutor knew that her witnesses were "inclined to lie, on the stand, at trial").

¶4 On appeal, Marble contends that the District Court erred in denying his petition for postconviction relief on his claims of ineffective assistance of counsel, newly discovered evidence, and prosecutorial misconduct. In response, the State addresses the merits of these claims and also points out repeatedly, and correctly, that Marble's appellate briefs largely fail to comply with M. R. App. P. 12(1)f. in that Marble does not advance argument or authority in support of his position.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Having reviewed the record, the District Court's order, and the parties' briefs, we conclude that the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted and applied.

¶6 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS
/S/ JOHN WARNER

3